UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 11-12109-RWZ

DAVID FORTIER

v.

IVAN SALABERRIOS

ORDER
June 18, 2012

ZOBEL, D.J.

The parties in this diversity action are the sole shareholders of AIM Technical Consultants, Inc. ("AIM"), an Ohio corporation with offices in Massachusetts. According to the Complaint (Docket #1), plaintiff owns 35% of the company and works out of AIM's Massachusetts office as the Chief Operating Officer. Defendant is the company's President and 65% majority shareholder, and runs AIM out of its Ohio office. The parties agreed to this work arrangement pursuant to a 2007 oral agreement in which they also agreed to "make all decisions regarding the corporation together equally." Id. ¶ 8.

Plaintiff claims that defendant as majority shareholder has breached his fiduciary duty to plaintiff through freezing plaintiff out by refusing to discuss certain significant business decisions with him. Defendant moves to dismiss for, among other reasons, plaintiff's failure to meet the $75,000 amount-in-controversy requirement under 28 U.S.C. § 1332(a).

In January 2009, AIM and Madison Resource Funding Corp. ("Madison") entered into a Master Agreement whereby the latter would provide financial services for AIM. The Master Agreement contained a liquidated damages clause for early termination of the agreement. Plaintiff alleges that, in November 2011, defendant made a unilateral decision to terminate the Master Agreement with Madison without first discussing the matter with plaintiff.

The termination of the Master Agreement resulted in a liquidated damages payment in the amount of $40,129.11 and a $1,067,721.61 "payoff" to Madison, both of which plaintiff alleges were paid out of AIM's corporate funds. Plaintiff claims no specific damages amount in his complaint, see id. ¶ 29, but alleges that he has been harmed because he is responsible for 35% of these amounts.

Courts determine whether a party has met the amount-in-controversy requirement by "looking to the circumstances at the time the complaint is filed." Spielman v. Genzyme Corp., 251 F.3d 1, 5 (1st Cir. 2001). A suit will be dismissed for failure to meet the jurisdictional amount if "from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to that amount. . . ." St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 289 (1938).

In his opposition, defendant clarifies that the alleged "payoff" of $1,067,721.61 was actually a transfer of AIM's corporate debt from Madison to FirstMerit Bank, with which defendant had entered into a new financing agreement. See Memo. in Support of

Def't Mot. to Dismiss at 7 (Docket # 9 and exhibits cited therein); Gonzalez v. U.S., 284 F.3d 281, 288 (1st Cir. 2002) (court may consider materials outside the pleadings on motion to dismiss for lack of subject matter jurisdiction).  The "payout" did not involve the expenditure of any corporate funds, and thus did not result in a loss to the company or to plaintiff.  The only remaining "harm" alleged is the $40,129.11 in liquidated damages.  Defendant argues that these, too, were not new corporate expenditures because the liquidated damages amount represented fees that would have been paid to Madison if the Master Agreement had not been terminated.  Regardless, plaintiff's potential loss – 35% of $40,129.11 – falls far short of the requisite jurisdictional amount.     Because it is apparent to a legal certainty that the amount-in-controversy is less than $75,000, defendant's Motion to Dismiss (Docket # 8) is ALLOWED.


    June 18, 2012                                         /s/Rya W. Zobel
         DATE                                                 RYA W. ZOBEL
                                                               UNITED STATES DISTRICT JUDGE